1

ANDREW A. GOODMAN, ESQ. (State Bar No. 115685)
LAW OFFICES OF ANDREW GOODMAN, P.C.
200 N. Westlake Boulevard, Suite 202

2

Westlake Village, California 91362
Telephone: (805) 379-2010

3

Facsimile: (805) 379-2020
E-Mail: agoodman@andyglaw.com

4

5

SHELLY CROCKER (Washington State Bar No. 23123)
CROCKER KUNO PLLC

6

720 Olive Way, Suite 1000

7

Seattle, WA 98101
Telephone: (206) 624-9894

8

Facsimile: (206) 624-8598
E-Mail: scrocker@crockerkuno.com

9

10

Attorneys for Defendant

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

15

LUCASFILM LTD., a California corporation,

Case No. C-08-0182-EMC

16

Plaintiff,

**DEFENDANT'S ANSWER TO**

17

vs.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND COUNTERCLAIM**

18

**FOR MONIES DUE**

GEN CON LLC, a Washington limited liability

19

company,

20

Defendant.

21

22

23

Defendant Gen Con LLC ("Gen Con"), by and through their attorneys, Andrew Goodman of

24

Law Offices of Andrew Goodman and Shelly Crocker of Crocker Kuno PLLC, answer Plaintiff's

25

complaint for damages as follows below.

26

///

27

///

28

ANSWER AND COUNTERLCLAIM TO COMPLAINT FOR DAMAGES
S:\Answers\GenConLucasFilmAnswer.doc                    1

## INTRODUCTION

1.    Gen Con admits that the parties named in the above caption had business dealings in connection with the STAR WARS fan convention known as Celebration IV, held in Los Angeles between May 24-28, 2007, but otherwise deny the allegations of paragraph 1.

## JURISDICTION

2.    Gen Con admits paragraph 2.

## VENUE AND INTRADISTRICT ASSIGNMENT

3.    Gen Con admits that it has transacted business within the district, but denies the balance of paragraph 3.

4.    Gen Con admits paragraph 4.

## THE PARTIES

5.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 5 and therefore deny the allegations contained therein.

6.    Gen Con admits paragraph 6.

7.    Gen Con denies paragraph 7.

8.    Gen Con admits that on or about May 25, 2006, LucasFilm, LTD. ("LFL") and Gen Con entered into a written contract entitled "Fan Convention Agreement" the but otherwise deny the allegations of paragraph 8.

9.    Gen Con admits paragraph 9.

10.    Gen Con denies paragraph 10.

11.    Gen Con denies paragraph 11.

12.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 12 and therefore deny the allegations contained therein.

13.    Gen Con admits that it hosted Celebration IV in Los Angeles on or about May 24-28, 2007 but otherwise deny the allegations of paragraph 13.

### FIRST CLAIM: BREACH OF FAN CONVENTION AGREEMENT

14.    Gen Con incorporate the answers to paragraphs 1 through 13 above as though fully set forth here.

15.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 15 and therefore deny the allegations contained therein.

16.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 16 and therefore deny the allegations contained therein.

17.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 17 and therefore deny the allegations contained therein.

18.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 18 and therefore deny the allegations contained therein.

### SECOND CLAIM: BREACH OF AUCTION AGREEMENT

19.    Gen Con incorporate the answers to paragraphs 1 through 18 above as though fully set forth here.

20.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 20 and therefore deny the allegations contained therein.

21.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 21 and therefore deny the allegations contained therein.

22.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 22 and therefore deny the allegations contained therein.

///

///

## THIRD CLAIM: CONVERSION

23.    Gen Con incorporate the answers to paragraphs 1 through 22 above as though fully set forth here.

24.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 24 and therefore deny the allegations contained therein.

25.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 25 and therefore deny the allegations contained therein.

26.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 26 and therefore deny the allegations contained therein.

27.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 27 and therefore deny the allegations contained therein.

## FOURTH CLAIM: UNJUST ENRICHMENT

28.    Gen Con incorporate the answers to paragraphs 1 through 27 above as though fully set forth here.

29.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 29 and therefore deny the allegations contained therein.

30.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 30 and therefore deny the allegations contained therein.

31.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 31 and therefore deny the allegations contained therein.

32.    Gen Con is without knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 32 and therefore deny the allegations contained therein.

///

///

## AFFIRMATIVE DEFENSES

By way of further answer, Gen Con also asserts the following affirmative defenses:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's Counterclaim is barred by waiver.

3.    Plaintiff's Counterclaim is barred by estoppel including, without limitation, equitable estoppel.

4.    Plaintiff's Counterclaim is barred by laches.

5.    Gen Con is entitled to setoff amounts due from Plaintiff against any amounts due to Plaintiff.

6.    Such other affirmative defenses that are established during the course of discovery and trial preparation.

WHEREFORE, the Defendant Gen Con LLC, having fully answered the Plaintiff's Complaint, prays for relief as follows:

1.    For an order dismissing Plaintiff's complaint with prejudice;

2.    For permission to amend its pleadings to conform to the evidence; and

3.    For such further relief as deemed just and equitable.

## COUNTERCLAIM AGAINST LUCASFILM LTD.

### Parties

1.    Counterclaim Plaintiff is Gen Con LLC ("Gen Con"), a Washington limited liability company with its principal place of business in Seattle, Washington.

2.    Counterclaim Defendant is Lucasfilm Ltd. ("LFL").

///

///

///

ANSWER AND COUNTERLCLAIM TO COMPLAINT FOR DAMAGES
S:\Answers\GenConLucasFilmAnswer.doc
5

## Facts

3.    LFL contracted with Gen Con for a booth at Star Wars Celebration IV.  Gen Con provided the booth and invoiced LFL for the costs of the booth in the amount of $13,915.00 less a credit of $1,090.00 for a balance of $12,825.00.

4.    LFL contracted with Gen Con for certain Star Wars shop merchandise.  Gen Con provided the merchandise and invoiced LFL in the amount of $64,464.50.

5.    The invoices referenced above remain unpaid.

## First Counterclaim for Monies Due

6.    Counterclaim Plaintiff realleges Counterclaim paragraphs 1 – 5 above.

7.    LFL contracted for goods and services.

8.    Gen Con provided the goods and services

9.    LFL has not paid Gen Con for the goods and services provided and is liable for monies due in the principal amount of $77,289.50 plus interest.

## Prayer For Relief

Wherefore, counterclaim plaintiffs pray for judgment against counterclaim defendant as follows:

1)    For judgment against Roy Ricketts, Inc. for breach of contract and for such amounts as the court deems appropriate for compensation for such breach;

2)    For counterclaim plaintiff's costs and attorneys fees related to this matter;

3)    For such other and further relief as this Court deems just and reasonable.

///

///

///

///

ANSWER AND COUNTERLCLAIM TO COMPLAINT FOR DAMAGES
S:\Answers\GenConLucasFilmAnswer.doc
6

**RESERVATION**

Gen Con specifically reserves the right to amend their Answer by adding affirmative defenses, counterclaims, or instituting third-party actions as additional facts are obtained through investigation or discovery.

DATED: January 31, 2008.

LAW OFFICES OF ANDREW GOODMAN

By: _____
Andrew Goodman
Attorneys for Defendant

CROCKER KUNO PLLC

By: ___/s/ J. Todd Tracy for___
Shelly Crocker, WSBA #21232
Attorneys for Defendant

ANSWER AND COUNTERLCLAIM TO COMPLAINT FOR DAMAGES
S:\Answers\GenConLucasFilmAnswer.doc
7

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **200 N. Westlake Boulevard, Suite 202, Westlake Village, CA. 91362**

On January 31, 2008, I served the foregoing document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND COUNTERCLAIM FOR MONIES DUE** on the interested parties in this action.

XX      by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

David Given, Esq.
Feather D. Baron, Esq.
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 35th Floor
San Francisco, CA. 94111

**XX**      **BY REGULAR MAIL:** I deposited such envelope in the mail at 200 N. Westlake Boulevard, Suite 202, Westlake Village, CA. 91362.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**XX**      **BY FACSIMIE/E-MAIL:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☐      **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 200 N. Westlake Boulevard, Suite 202, Westlake Village, CA. 91362.  The envelope was deposited with delivery fees thereon fully prepaid.

☐      **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 31, 2008, at Westlake Village, California.

_____
ANDREW GOODMAN

ANSWER AND COUNTERLCLAIM TO COMPLAINT FOR DAMAGES
S:\Answers\GenConLucasFilmAnswer.doc
8